IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE THE APPLICATION OF AMGEN INC. | C.A. No. 24-059-CFC-CJB **Redacted - Public Version** ██████████ |

## DECLARATION OF ERIC P. BERGER IN SUPPORT OF SANDOZ INC.'S OPPOSITION TO AMGEN INC.'S APPLICATION PURSUANT TO 28 U.S.C.  § 1782 FOR AN ORDER COMPELLING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

I, Eric P. Berger, declare and state under penalty of perjury pursuant to

28 U.S.C. § 1746 as follows:

1.      I am an attorney licensed to practice in California in New York and

admitted *pro hac vice* to practice before this Court.  I am an attorney at Morrison &

Foerster LLP, attorneys of record for Sandoz Inc.

2.      I make this declaration in support of Sandoz, Inc.'s opposition to

Amgen Inc.'s (Amgen's) *ex parte* application for an order under 28 U.S.C. § 1782

permitting discovery from Sandoz Inc.

3.       Nothing in this declaration discloses privileged communications

involving my client, Sandoz Inc.  Nothing in this declaration is intended to waive

any applicable privilege, including the attorney-client privilege and attorney work

product privilege.  The facts and matters testified to herein are true to the best of

1

my knowledge and belief.  I am over 18 years of age, and if called as a witness, I could, and would, competently testify thereto.

4.      Amgen also filed an earlier *ex parte* application in the District of Delaware for an order under 28 U.S.C. § 1782 permitting discovery from Sandoz Inc.  in the matter *In Re: the Application of Amgen Inc.*, 23-mc-00258-CFC-CJB ("Amgen's First § 1782 Action").

5.      I am an attorney of record for Sandoz Inc. in Amgen's First § 1782 Action.  I was involved in and am knowledgeable about the discovery Sandoz Inc. provided in Amgen's First § 1782 Action, including the associated searching, collecting, and production of documents by Sandoz Inc.

6.      In Amgen's First § 1782 Action, on the dates listed below Sandoz Inc. made documents productions of the listed sizes:

- November 1, 2023:       334 documents totaling 8,649 pages
- November 22, 2023:      1,156 documents totaling 104,519 pages
- December 20, 2023:      1,311 documents totaling 147,331 pages.

7.      As of the date of this declaration and to the best of my knowledge, Amgen has not filed a patent action in Austria or Slovenia against Sandoz GmbH or Lek Pharmaceuticals d.d. ("Lek") in Austria or Slovenia.

8.      Attached hereto as Exhibit A is a true and correct copy of the "Declaration of Raheel Khan in Support of Sandoz Inc.'s Opposition to

Application Pursuant to 28 U.S.C. § 1782," filed by Sandoz Inc. in Amgen's First § 1782 Action. *See In Re: the Application of Amgen Inc.*, 23-mc-00258-CFC-CJB, D.I. 17.

9.      Attached hereto as Exhibit B is a true and correct copy of excerpts of ██████████████████████████████████████████████ produced at SDZDENO1782-00108914 in Amgen's First § 1782 Action.

10.      Attached hereto as Exhibit C is a true and correct copy of excerpts of ███████████████████████████████████████████████████ ████████████████████████

11.      Attached hereto as Exhibit D is a true and correct copy of excerpts of ████████████████████████████████████████████ produced at SDZDENO1782-00113954 in Amgen's First § 1782 Action.

12.      Attached hereto as Exhibit E is a true and correct copy of excerpts of ████████████████████████████████ produced at SDZDENO1782-00114451 in Amgen's First § 1782 Action.

13.      Attached hereto as Exhibit F is a true and correct copy of excerpts of ████████████████████████████████████ produced at SDZDENO1782-00256502 in Amgen's First § 1782 Action.

14.      Attached hereto as Exhibit G is a true and correct copy of Transcript of Recorded Opinion By The Honorable Patty Shwartz United States Magistrate

Judge. *Merck & Co., Inc. v. Sandoz Inc.*, C.A. No. 10-1625-SRC-PS, D.I. 62

(D.N.J. Nov. 10, 2023).

  15. Attached hereto as Exhibit H is a true and correct copy of excerpts of

████████████████████████████████████████████

████ produced at SDZDENO1782-00251346 in Amgen's First § 1782 Action.


Dated: February 9, 2023
San Francisco, CA       Eric P. Berger

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2024, this document was served on the

persons listed below in the manner indicated:

<u>**BY EMAIL:**</u>
Jack B. Blumenfeld
Brian P. Egan
Cameron P. Clark
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
1105 N. Market Street
Wilmington, DE 19801
(302) 298-0702
kkeller@shawkeller.com
arussell@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Respondent Sandoz Inc*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE THE APPLICATION OF
AMGEN INC.

Misc. Case No. 1:23-mc-00258-CFC

## DECLARATION OF RAHEEL KHAN IN SUPPORT OF SANDOZ INC.'S OPPOSITION TO APPLICATION PURSUANT TO 28 U.S.C. § 1782

I, Raheel Khan, declare and state under penalty of perjury pursuant to

28 U.S.C. § 1746 as follows:

1.      I am Associated Director Regulatory Affairs Global at Sandoz Inc.

and I work within the Regulatory Affairs Sandoz Biopharmaceuticals group at

Sandoz Inc. At Sandoz Inc. I am responsible for interfacing with the United States

Food and Drug Administration ("FDA") on issues related to certain of Sandoz

Inc.'s biosimilar denosumab. Sandoz Inc.'s communications with the FDA related

to denosumab are made under my name as the FDA contact, and I am the signatory

on behalf of Sandoz Inc. for documents it submits to the FDA related to

denosumab.

1

2.     I make this declaration in support of Sandoz Inc.'s opposition to
Amgen's *ex parte* application for an order under 28 U.S.C. § 1782 permitting
discovery from Sandoz Inc.

3.     I am familiar with the information set forth in this declaration due to
my personal knowledge, my review of relevant documents, and information
supplied to me by Sandoz Inc. and its in-house and outside counsel. Nothing in
this declaration discloses privileged communications involving Sandoz Inc.
Nothing in this declaration is intended to waive any applicable privilege, including
the attorney-client privilege and attorney work product privilege. The facts and
matters testified to herein are true to the best of my knowledge and belief. I am
over 18 years of age, and if called as a witness, I could, and would, competently
testify thereto.

4.     Sandoz Inc. is a U.S. corporation that is responsible for drug
importation, commercialization, and regulatory submission in the U.S. Sandoz Inc.
is the entity that is responsible for interfacing with the FDA on denosumab,
including all related FDA submissions and post-approval activities. Sandoz Inc.
submitted the Biologics License Application ("BLA") for Sandoz's denosumab to
the FDA.

5.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ In the normal course, Sandoz Inc. does not make regulatory

2

filings or directly communicate with regulatory entities or local authorities outside of the U.S.

6.     Sandoz Inc. maintains the communications and documents submitted to and received from the FDA related to denosumab.  For regulatory bodies and local authorities outside of the U.S., different Sandoz entities located outside of the U.S. maintain the communications and documents submitted to and received from those non-U.S. regulatory bodies and local authorities.

7.     In the normal course of business and to the best of my knowledge, apart from materials included in the BLA,

8.     In addition to Sandoz Inc.'s submissions to the FDA related to denosumab, other Sandoz entities have filed regulatory submissions related to denosumab                    and the European Union.

3

Dated: May ___, 2023
Princeton, New Jersey, United States

**Khan Raheel**

Digitally signed by Khan Raheel
DN: dc=com, dc=novartis, ou=people,
ou=GX, serialNumber=3111788,
cn=Khan Raheel
Reason: I am approving this document
Date: 2023.05.31 16:04:51 -04'00'

RAHEEL KHAN

# Exhibit B

REDACTED IN ITS ENTIRETY

# Exhibit C

REDACTED IN ITS ENTIRETY

# Exhibit D

REDACTED IN ITS ENTIRETY

# Exhibit E

REDACTED IN ITS ENTIRETY

# Exhibit F

REDACTED IN ITS ENTIRETY

# Exhibit G

```
 1                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
 2

 3   MERCK & CO., INC., et al.,          .
                                         .
 4          Plaintiffs,                  .
                                         . Case No. 10-cv-01625
 5   vs.                                 .
                                         . Newark, New Jersey
 6   SANDOZ INC.,                        . November 23, 2010
                                         .
 7          Defendant,                   .
                                         .
 8   And related actions.                .

 9

10                    TRANSCRIPT OF RECORDED OPINION
                      BY THE HONORABLE PATTY SHWARTZ
11                    UNITED STATES MAGISTRATE JUDGE

12


13
     APPEARANCES:
14

15   For the Plaintiffs:    No one was present

16   For the Defendants:    No one was present

17

18

19

20

21   Audio Operator:

22   Transcription Service:      KING TRANSCRIPTION SERVICES
                                 65 Willowbrook Boulevard
23                               Wayne, New Jersey 07470
                                 (973) 237-6080
24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

1                    (Commencement of proceedings)

2

3          THE COURT:  This matter is before the Court by way

4   of submission dated November 16, 2010, regarding plaintiff's

5   request that defendant Sandoz, Inc., produce responses to

6   discovery from Lek Pharmaceuticals, hereinafter "Lek," and

7   Sandoz GmbH.  The Court has considered the submission, record

8   of proceeding, claims, defenses, and governing law, and for

9   the reasons set forth in this Opinion, the dispute is

10  resolved as follows.

11         By way of background, the parties had been

12  discussing this issue with the Court on several occasions,

13  and the Court ultimately directed that the parties continue

14  to confer and determine if an agreeable resolution between

15  them could be reached.  In addition, the Court directed that

16  if the parties sought its intervention, that it must provide

17  a factual basis upon which it could determine whether the

18  predicates under Rule 34 concerning control could be met such

19  that the Court could direct Sandoz, Inc., to provide

20  discovery sought from Sandoz GmbH, and Lek.  According to the

21  submission, the parties' efforts to reach an agreeable

22  resolution were fruitless.  They were unable to resolve the

23  dispute without the Court's intervention and presented the

24  November 16 submission.

25             In support of its argument, Merck asserts that

```
 1    Sandoz submitted an abbreviated new drug application,

 2    hereinafter "ANDA," to the FDA, seeking approval of a product

 3    it developed, tested, and manufactured by related foreign

 4    affiliates and relied on documents from those affiliates to

 5    seek FDA approval.  Merck contends that this effort to

 6    decline to provide discovery is without basis because Sandoz,

 7    Inc., has the right authority and ability to obtain the

 8    requested documents and has the requisite level of control,

 9    as that word is used under Rule 34, to secure the responsive

10    information from these two entities that play "a significant

11    role in the transaction."  See the Joint Submission at page 3

12    (quoting Camden Iron & Metal, Inc., v. Marubeni American

13    Corp., 138 F.R.D. 438, 443 (D.N.J. 1991)).  Merck further

14    contends that the corporate form is not relevant where a

15    party has the ability to make demands for information from

16    these entities.

17              In further support of their argument, they point to

18    Sandoz, Inc.'s, website and Lek's website where they both

19    identified GmbH and Lek as a member of the Sandoz company.

20    In addition, they represent that in a litigation pending

21    before the Honorable William Martini and Mark Falk, Sandoz,

22    Inc., provided discovery from Lek as if it were a party.

23    Merck further provides certain documents to confirm and

24    support its view about the role Sandoz GmbH and Lek played in

25    connection with the ANDA.  In addition, Merck provided
```

1    documents in support of its view that Sandoz, Inc., and

2    Sandoz GmbH, acted as one in furtherance of the transaction.

3    See the Joint Submission at pages 3-6.

4           Sandoz contends that the two entities are not

5    closely related and that Sandoz, Inc., does not own or

6    control them, but asserts they overlap in officers and

7    directors.  They are not related as parent and subsidiary,

8    that is Sandoz, Inc., is not related to Lek or Sandoz GmbH as

9    parent-subsidiaries, and that they share only an ultimate

10   parent and that there are intermediate companies between them

11   and that parent.

12          They further assert that their business operations

13   are not intertwined in any way, so as to render separate

14   corporate identities meaningless.  Sandoz, Inc., further

15   asserts it lacks the practical and legal ability to demand

16   documents from Lek and GmbH and suggests there is no evidence

17   that such documents were ever demanded from these entities

18   but -- has requested same akin to a buyer-supplier

19   arrangement.

20          Sandoz further asserts that it has, in fact,

21   produced documents provided to it by Sandoz GmbH and Lek, if

22   in its possession and responsive to the discovery demands in

23   this case.

24          Although the issue of relevancy is not squarely in

25   front of the Court, Sandoz seems to suggest that the

 1   discovery demands for which Merck seeks compliance are the

 2   documents upon which Sandoz, Inc., did not rely for FDA

 3   approval.  Sandoz, Inc., further asserts that there are means

 4   through the foreign evidence collection protocols by which

 5   Merck could have obtained this information, but chose not to

 6   invoke the procedures within the deadlines set in the

 7   pretrial scheduling order.

 8           Finally, Merck [*sic*] asserts that there was never

 9   an agreement in another case to produce documents from Lek as

10   if it were a party, and any arguments about or based upon

11   Rule 30(b)(6) are premature.

12           Under Rule 34, a party has "possession, custody, or

13   control" over documents in the possession of a non-party when

14   the party has the "legal right to obtain the documents

15   required on demand."  Power Integrations, Inc., v. Fairchild

16   Semiconductor, 233 F.R.D. 143 (D. Del. 2005).  The party

17   "seeking production of documents bears the burden of

18   establishing the opposing party's control over those

19   documents."  Camden Iron & Metal, 133 F.R.D. at 441.  If the

20   Court finds the party seeking production has met its burden,

21   "a corporate entity is deemed to be in 'control' of the

22   documents sought," then the Court can compel production of

23   these documents regardless of whether they're also in the

24   possession and control of a non-party.

25           The Court of Appeals for the Third Circuit has set

1   forth a test for when a corporation has "possession, custody,
2   or control" over documents held by a non-party corporation
3   under Rule 34.  In its 1988 decision, Gerling International
4   Insurance Company v. Commissioner of Internal Revenue, 839
5   F.2d 131 (3d Cir. 1988).  The test "focuses on the
6   relationship between the two entities."  Id. at 140.  The
7   court stated that "in the absence of control by a litigating
8   corporation over documents in physical possession of another
9   corporation, the litigating corporation has no duty to
10  produce."  Id.
11       Control, however, is not limited to physical
12  possession.  Indeed, it is "defined as the legal right,
13  authority, or ability to obtain documents upon demand."
14  Power Integrations, 233 F.R.D. at 145.  See also Camden Iron,
15  138 F.R.D. at 441.
16       Various cases have examined this situation based
17  upon whether the relationship between the litigating party
18  and the non-party is one of parent and subsidiary or one of
19  sister corporations.  In the parent-subsidiary situation "the
20  determination of control turns on whether the intracorporate
21  relationship establishes some legal right, authority, or
22  ability to obtain the documents on demand.  Evidence
23  considered by the courts include the degree of ownership and
24  control exercised over the subsidiary; a showing that the two
25  entities operated as one; demonstrated access to documents in

1   the ordinary course of business; and an agency relationship."

2   Camden Iron, 138 F.R.D. at 442.

3          Where the two corporations are sister corporations

4   under common control, "the same rules as with the cases

5   involving a litigating subsidiary apply."  Heraeus

6   Electro-Nite Company v. Midwest Instrument Company, Inc.,

7   Civ. No. 06-355, 2006 WL 3004877 at *2 (E.D. Pa. October 18,

8   2006) (citing Gerling, 839 F.2d at 141).  In Heraeus, the

9   court noted that requisite control of documents held by a

10  non-litigating sister corporation can be found where that

11  corporation is found to be the alter ego of the litigating

12  entity or where the litigating corporation "had acted with

13  its sister in effecting the transaction giving rise to the

14  suit and is litigating on its behalf."  Heraeus, 2006 WL

15  3004877 at *2.

16         According to the declaration of Jean Deminico

17  [phonetic], Sandoz, Inc., Sandoz GmbH, and Lek

18  Pharmaceuticals are the "children of corporate parent

19  Novartis AG."  See the Declaration of Jean Deminico dated

20  October 8, 2010, at paragraphs 2-7.  Sandoz, Inc., and Lek

21  are not related as parent subsidiary, nor is Sandoz, Inc.,

22  and Sandoz GmbH.  Id. at paragraphs 9 and 10.  Moreover,

23  Sandoz does not own Lek or Sandoz GmbH, nor do either of

24  those entities own Sandoz, Inc.  Id. at 11.  Ms. Deminico

25  also states that they do not "control" each other.  But the

1    definition of the word "control" has a unique meaning in this

2    context, and therefore, the representation of an absence of

3    control in the context in the same paragraph where we're

4    talking about ownership of a company is not dispositive.

5          Thus, this appears to be a situation where Merck

6    seeks to have a sister corporation litigating party secure

7    the documents in the possession of its sisters.  In such a

8    scenario, the Court must examine whether or not the scenarios

9    set forth in the case law exist here.  There is no assertion

10   that these entities are acting as alter egos of the

11   litigating party.  Rather, the focus appears to be whether

12   the litigating corporation has acted with either sister to

13   effect the transaction giving rise to the suit.

14         As the parties are aware, this case arises from an

15   ANDA application pending before the FDA.  According to

16   Ms. Deminico's declaration, Sandoz, Inc., is the owner of the

17   ANDA and that it reviewed Modules 2 through 5 and amendments

18   thereto and submitted same to the FDA.  Id. at 12.  She

19   further states "Sandoz GmbH provided the draft modules for 2

20   through 5 and amendments thereto to Sandoz, Inc.," and that

21   "Sandoz GmbH also drafted Modules 2 through 5."  Id. at 13.

22   She further explains that Lek Pharmaceuticals "is the

23   manufacturing, packaging and control site of the drug product

24   that is the subject of the ANDA," and it is "also the

25   stability testing site for commercial production batches."

 1    Id. at 14.   In addition, she represents that Lek is the

 2    "manufacturing, packaging and control site for the drug

 3    substance (the active pharmaceutical ingredient) used in the

 4    manufacture of the drug product that is the subject of the

 5    ANDA."   Id. at 15.

 6         The infringement claims in this case arise from the

 7    preparation and submission of the ANDA Sandoz, Inc., filed

 8    with the FDA.   The statutory distinction between the

 9    preparation and filing of an ANDA "is highly artificial" with

10    a "very limited and technical purpose."   Eli Lilly & Company

11    v. Medtronic, Inc., 496 U.S. 661, 676-78 (1990).   See also 35

12    U.S.C. § 271(e).

13         ANDA claims involve "substantial inquiry into the

14    product itself as described in the ANDA, and the focus of

15    that inquiry will involve the work related to the preparation

16    of the ANDA" by both Sandoz GmbH, and Lek.   Pfizer, Inc., v.

17    Synthon Holding, et al., 386 F. Supp. 2d 666, 676 (M.D.N.C.

18    2005) (citing Bayer AG v. Elan Pharmaceutical Research Corp.,

19    212 F.3d 1241, 1248-49 (Fed. Cir. 2000)).

20         It is through this prism that the Court determines

21    whether or not the litigating corporation has acted with its

22    sister in effecting the transaction giving rise to this suit.

23    It is also through this prism that the Court can examine

24    whether or not corporate relatives will benefit from this

25    litigation.   The case law makes clear that the corporate form

1   is not relevant.  Rather, the corporate relationship is.

2           Here, we have a relationship of sisters, a sister

3   who is a litigating corporation who has filed the ANDA, and

4   sisters who provided significant assistance in drafting

5   modules for inclusion in the ANDA and amendments thereto, and

6   manufacturing, packaging, and stability-testing for the

7   batches as well as the active pharmaceutical ingredient.

8   These representations demonstrate the collaborative work done

9   between Sandoz GmbH, Lek Pharmaceuticals, and Sandoz, Inc.,

10  to achieve the goal of filing the ANDA.  Clearly, when it

11  came time to prepare large components of the ANDA and

12  critical pieces of the ANDA, both Sandoz GmbH and Lek

13  Pharmaceuticals responded to the call and made their

14  contributions to the ANDA, which is the transaction at issue

15  in this case.  Obviously, they were able to obtain documents

16  in cooperation when it suited and advanced Sandoz, Inc.'s

17  interest.  See also Exhibits F and G to the Joint Submission.

18          Exhibit F, by way of example, demonstrates that the

19  FDA in 2009 was communicating directly with Sandoz GmbH in

20  response to an inquiry made by Sandoz GmbH to the FDA for

21  bioequivalence recommendations.  In addition, Sandoz GmbH in

22  a March 4, 2008, letter communicated directly with the FDA

23  concerning Sandoz' development of the drug product and making

24  representations concerning whether or not there was a need

25  for bioequivalence studies.  These are just two examples that

1   demonstrate the collaborative and integral role GmbH played

2   with the FDA and Sandoz, Inc., in furthering the ANDA

3   application.

4          In addition, emails exchanged between Novartis and

5   Lek, see Exhibit H to the Joint Submission concerning site

6   manufacturing information, as well as emails involving

7   Sandoz, Inc., the corporate parent Novartis, and Lek

8   Pharmaceuticals, attached as Exhibit I, demonstrate a free

9   flow of information relevant to the transaction of issuing

10  namely the ANDA product and the work that would need to be

11  done to further that application.  See also Exhibits L

12  through M where GmbH is informing Novartis of the status of

13  the supply of the activity pharmaceutical ingredient.

14         In short, the Court is satisfied that this record

15  supports a finding that although they are corporate sisters,

16  they have a mutual involvement with the litigating party in

17  the transaction that gave rise to this suit, and a reasonable

18  inference can be drawn that they, together with their

19  corporate parent, would benefit from its success.  While not

20  every sister can be deemed to have control under Rule 34 of

21  the documents in possession of a sibling, the fact-specific

22  inquiry that must be conducted in this case demonstrates that

23  there is the requisite level of involvement between and among

24  the sisters to find control.  While Ms. Deminico represents

25  that Sandoz, Inc., "does not have access to Sandoz GmbH's

 1  documents or Lek Pharmaceutical's -- documents in the

 2  ordinary course of its business," there is no doubt that they

 3  had a free flow of exchange of information in furtherance of

 4  the documents giving rise to this suit.  They had regular

 5  contact during the course of the transaction, and the foreign

 6  sisters provided critical assistance to Sandoz, Inc.'s

 7  ability to make its application, both in terms of the

 8  contributions to the modules, its direct communications with

 9  the FDA in furtherance of that application, and the important

10  role that Lek would play in manufacturing and testing the

11  ANDA product.  If the ANDA is approved and the product can

12  enter the market, it is inconceivable that all of these

13  entities would not benefit from such a success.

14          Therefore, based upon the governing case law and

15  the record before this Court on this application, the Court

16  is satisfied that the term "control" under Rule 34 applies to

17  Sandoz, Inc., and that Sandoz, Inc., shall be compelled to

18  produce documents sought from Sandoz GmbH, and Lek.

19          A form of Order consistent with this Opinion will

20  be issued.

21                  (Conclusion of proceedings)

22

23

24

25

```
1                          Certification

2          I, SARA L. KERN, Transcriptionist, do hereby certify

3   that the 13 pages contained herein constitute a full, true,

4   and accurate transcript from the official electronic

5   recording of the proceedings had in the above-entitled

6   matter; that research was performed on the spelling of proper

7   names and utilizing the information provided, but that in

8   many cases the spellings were educated guesses; that the

9   transcript was prepared by me or under my direction and was

10  done to the best of my skill and ability.

11         I further certify that I am in no way related to any of

12  the parties hereto nor am I in any way interested in the

13  outcome hereof.

14

15

16

17

18  S/ Sara L. Kern                        December 2, 2010

19  _____    _____
    Signature of Approved Transcriber            Date

20

21
    Sara L. Kern, CET**D-338
22  King Transcription Services
    65 Willowbrook Boulevard
23  Wayne, NJ 07470
    (973) 237-6080
24

25
```

# Exhibit H

REDACTED IN ITS ENTIRETY